UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIM K. HEAVENER,

    Plaintiff,

v.                                               Case No. 1:06-CV-750
                                                Hon. Gordon J. Quist

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____/

**REPORT AND RECOMMENDATION**

        Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for disability insurance benefits (DIB).

        Plaintiff was born on December 27, 1956, and completed the 9th grade (AR 66, 87, 618).[1] Plaintiff alleged that she has been disabled since September 17, 2001(AR 66). She had previous employment as a janitor, a nurse's aide, and dishwasher/bus person (AR 103). Plaintiff identified her disabling conditions as chronic neck pain, back pain, weakness, knee injury, neck injury and surgery, and acute bronchitis (AR 81). As a result of these conditions, she cannot lift or bend, cannot tolerate repetitive motions due to pain, is sore and weak, and finds it hard to stay on her feet (AR 81). After administrative denial of these applications, an ALJ reviewed plaintiff's claims *de novo* and entered a decision denying her claim on January 10, 2006 (AR 16-28). This decision,

---

[1] Citations to the administrative record will be referenced as (AR "page #").

which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

## I.  LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence.  42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990).  "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Cutlip v. Secretary of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994).   A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Servs.*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only.  This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).  The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record.  *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence.  *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be

2

expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).  In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability.  First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability.  A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four.  *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003).  However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.*  If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

## II.  ALJ'S DECISION

Plaintiff's claim failed at the fifth step of the evaluation. Following the five steps, the ALJ initially found that plaintiff met the disability insured status requirements through December 31, 2005, and has not engaged in substantial gainful activity since the alleged disability onset date (AR 26).  Second, the ALJ found that plaintiff had a severe impairment of "fusion of the cervical spine" (AR 26).  At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (AR 27).

The ALJ decided at the fourth step that on or before December 31, 2005, plaintiff had the residual functional capacity (RFC):

> to perform the requirements of work activity except for lifting and/or carrying more than 20 pounds occasionally and 10 pounds frequently; standing and/or walking for more than a total of six hours in an eight-hour period; sitting for more than a total of six hours in an eight-hour period; using either upper extremity to reach overhead; and climbing, bending/stooping, kneeling, crouching, or crawling more than occasionally. She also required the avoidance of even moderate exposure to respiratory irritants (dust, odors, fumes, poor ventilation, etc.).

(AR 27).  The ALJ also found that plaintiff's allegation of a total inability to perform sustained work activity on or before December 31, 2005 because of the limiting effects of her impairment was not entirely credible (AR 27).  The ALJ further found that plaintiff was unable to perform any of her past relevant work (AR 27).

At the fifth step, the ALJ found that plaintiff could perform a limited range of light work (AR 27).  She could perform a significant number of light work jobs in the regional economy, including cashier (10,000 jobs), office helper (5,000 jobs), and courier (1,500 jobs) (AR 26-27).

Accordingly, the ALJ determined that plaintiff was not under a "disability" as defined by the Social Security Act and entered a decision denying benefits (AR 27-28).

**III. ANALYSIS**

Petitioner raises the following issue on appeal:

**The treating doctor provided a statement of specific work limitations.  Those limitations preclude all jobs.  The ALJ disregarded this statement in violation of Social Security law.  This error authorizes a remand for an award of benefits.**

A plaintiff's treating physician's medical opinions and diagnoses are entitled to great weight in evaluating plaintiff's alleged disability.  *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001). "In general, the opinions of treating physicians are accorded greater weight than those of physicians who examine claimants only once."  *Walters v. Commissioner of Social Security*, 127 F.3d 525, 529-30 (6th Cir. 1997).  However, an ALJ is not bound by the conclusory statements of doctors, particularly where the statements are unsupported by detailed objective criteria and documentation.  *Buxton*, 246 F.3d at 773; *Cohen v. Secretary of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992).

The agency regulations provide that if the Commissioner finds that a treating medical source's opinion on the issues of the nature and severity of a claimant's impairments "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record, [the Commissioner] will give it controlling weight."  *Walters*, 127 F.3d at 530, *quoting* 20 C.F.R. § 404.1527(d)(2).  But the opinions of a treating physician "are only accorded great weight when they are supported by sufficient clinical findings and are consistent with the evidence."  *Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 287 (6th Cir. 1994); 20 C.F.R. § 404.1526.  Finally, the ALJ must

5

articulate good reasons for not crediting the opinion of a treating source. *See Wilson v. Commissioner of Social Security*, 378 F.3d 541, 545 (6th Cir. 2004).

The record reflects that Dr. Hatt has been plaintiff's primary care physician since December 2002 (AR 553-72, 576-605). On September 7, 2005, two days before plaintiff's administrative hearing, Dr. Hatt gave a statement regarding her condition (AR 609-13).[2] Dr. Hatt described a history of muscle spasms, myofascial pain, takes narcotic pain medications resulting in drowsiness, required counseling due to oversedation and overuse of pain medication (AR 609-13). Dr. Hatt stated that if plaintiff returned to work, "she would likely experience more muscular tension and with that, of course, more pain" (AR 612).

When asked about plaintiff's ability to maintain employment working eight hours a day, five days a week, the doctor responded as follows:

> Just in talking with her and her husband, because he comes to most of her appointments, she has a difficult time with activities of daily living. Functioning in her home as far as doing cleaning, like housework, preparing meals, those types of things, her husband helps her out quite a bit with those. At times she can do those fairly successfully, but not on a consistent basis and would have a real difficult time getting through an 8-hour day.

(AR 610). Plaintiff's other conditions that affect her ability to work include asthmatic bronchitis, clinical depression and gastroesophageal reflux (AR 612-13).

In his decision, the ALJ noted that Dr. Hatt was plaintiff's primary care physician, that he prescribed her an antidepressant and antianxiety agent, that plaintiff took a number of pain medications, and suffered from gastroesphogeal reflux and asthmatic bronchitis, (AR 19-21). The ALJ stated that he was "simply not convinced that the claimant's complaint of pain regarding her

---

[2] Dr. Hatt did not sign the transcript of his statement. However, the ALJ agreed to admit it into the administrative record as exh. 43 (AR 617).

6

neck, upper back, and shoulders is experienced to the degree she alleged at her administrative hearing" (AR 24). The ALJ characterized Dr. Hatt's records as indicating that plaintiff suffered from myofascial pain in the back, although the Dr. sometimes referred to her condition as fibromyalgia (AR 24). With respect to plaintiff's treating physicians, the ALJ found that there were "no annotations within their treatment records to substantiate her testimony that she experienced muscle spasms twice per day or requires use of bathroom facilities 'at least 20 times er day' as a result of using a diuretic medication" (AR 24). The ALJ noted that plaintiff has "full and varied" daily activities, and that she continues to drive, cook, shop, perform household cleaning tasks, tend to the needs of pets, visit with friends, independently attend to her personal needs, and walk for a distance of one-half mile three times per week (AR 24).

There is no question that the ALJ reviewed Dr. Hatt's treatment records. The issue for the court is whether the ALJ articulated good reasons for not crediting Dr. Hatt's opinions as those of a treating source. *See Wilson*, 378 F.3d at 545. The regulations require the ALJ to explain the reasons for rejecting or discounting a treating physician's opinions:

> *Treatment relationship*. Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations . . . When we do not give the treating source's opinion controlling weight, we apply the factors listed in paragraphs (d)(2)(i) [i.e., length of the treatment relationship and the frequency of examination] and (d)(2)(ii) [i.e., nature and extent of the treatment relationship] of this section, as well as the factors in paragraphs (d)(3) through (d)(6) of this section [i.e., supportability, consistency, specialization and "other factors"] in determining the weight to give the opinion. We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion.

20 C.F.R. § 404.1527(d)(2).

7

In his statement, Dr. Hatt expressed opinions regarding plaintiff's medication side effects and her inability to perform work on a consistent basis throughout an 8-hour day (AR 610-11). The ALJ's decision did not discuss the opinions or assign them any weight. Rather, the ALJ only pointed out some inconsistencies in the doctor's treatment records, questioned his diagnosis of fibromyalgia, and noted that plaintiff's claims of muscle spasms and frequent bathroom visits were not supported by record. Under these circumstances, the ALJ failed to "give good reasons" for failing to address Dr. Hatt's opinions. While evidence in the administrative record might support an ALJ's decision denying benefits, the existence of such evidence does not excuse the ALJ's failure to address opinions expressed by treating physician. "A court cannot excuse the denial of a mandatory procedural protection simply because, as the Commissioner urges, there is sufficient evidence in the record for the ALJ to discount the treating source's opinion, and, thus, a different outcome on remand is unlikely." *Wilson*, 378 F.3d at 546.

Accordingly, this matter should be remanded to the ALJ to re-evaluate Dr. Hatt's opinions regarding plaintiff's medication side effects and her ability to work on a consistent basis throughout an 8-hour day. *See Wilson*, 378 F.3d at 545; 20 C.F.R. § 404.1527(d)(2).

### IV.     Recommendation

I respectfully recommend that the Commissioner's decision be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for a re-evaluation of Dr. Hatt's opinions consistent with this report and recommendation.

Dated:  November 9, 2007                              /s/ Hugh W. Brenneman, Jr.
                                                      HUGH W. BRENNEMAN, JR.
                                                      United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).